**MERCEXCHANGE, L.L.C.,**
Plaintiff–Appellant,

v.

**EBAY, INC. and Half.com,**
Defendants–Appellees,

and

**ReturnBuy, Inc., Defendant–Appellee.**

No. 03–1318.

United States Court of Appeals,
Federal Circuit.

DECIDED: June 2, 2003.

ON MOTION

Before RADER, SCHALL, and PROST, Circuit Judges.

*ORDER*

SCHALL, Circuit Judge.

eBay, Inc. and Half.com, Inc. (eBay) move to dismiss MercExchange, L.L.C.'s appeal for lack of jurisdiction. MercExchange opposes. eBay replies.

MercExchange appeals the district court's entry of a consent judgment and order between it and ReturnBuy, Inc. The district court noted that ReturnBuy "consents to a judgment that the '265 patent is valid and enforceable and admits that is has practiced at least the claims identified above." The district court also stated that ReturnBuy "agrees and stipulates that it ... and any person in active concert or participation with them who receive actual notice of this judgment are permanently enjoined from infringing the above claims...." The litigation continues between MercExchange and eBay. Pursuant to eBay's objection to the proposed consent judgment and order, the district court added a statement to reflect that "[n]othing in this order shall be construed as affecting, in any way, the claims or defenses that are currently being litigated between eBay, Half.com and MercExchange in this case." MercExchange appeals, seeking review of that statement.

Clearly, the statement does not expressly grant or deny an injunction in a manner adverse to MercExchange. However, MercExchange argues that it may appeal the order pursuant to *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981). In *Carson*, the Supreme Court held that an order having the effect of granting or denying an injunction, in contradistinction to an order expressly granting or denying an injunction, may be appealed only if the appellant can show that the interlocutory order might have a "serious, perhaps irreparable consequence" and that the order can be "effectually challenged" only by immediate appeal. *See also Woodard v. Sage Products, Inc.*, 818 F.2d 841 (Fed.Cir.1987) (en banc). MercExchange argues that it seeks to appeal the statement in the consent order because it believes that ReturnBuy may be in contempt of the consent order. MercExchange may of course initiate a contempt proceeding in the district court if it chooses. MercExchange may seek review of the district court's ruling concerning the contempt proceeding if and when appropriate. However, it appears that MercExchange is instead seeking an interpretation of an order that would assist it in filing a contempt proceeding. MercExchange has not convinced us that there is a "serious, perhaps irreparable consequence" or that the order can be "effectually challenged" only by immediate appeal. We have considered MercExchange's other arguments and find them to be without merit.

Accordingly,

IT IS ORDERED THAT:

eBay's motion to dismiss is granted.